IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ARCpoint Financial Group, LLC, | Civil Action No.: 6:18-cv-00235-AMQ |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Blue Eyed Bull Investment Corporation, Timothy Rebori, and Marilyn Rebori, | |
| Defendants. | |

This matter comes before the Court on the Motion to Dismiss or Transfer of Defendants' Blue Eyed Bull Investment Corporation, Timothy Rebori, and Marilyn Rebori (collectively "Defendants"). (ECF No. 37.) The matter has been fully briefed, and the Court heard argument from counsel on May 10, 2018. For the reasons set forth below, the Defendants' Motion is granted in part and denied in part.

## BACKGROUND

ARCpoint Franchise Group, LLC ("Plaintiff") initiated this action on January 29, 2018 by filing its complaint in the United States District Court for the District of South Carolina. (ECF No. 1.) Thereafter, Plaintiff filed its amended complaint on March 7, 2018. (ECF No. 35.) The amended complaint alleges ten causes of action against Defendants for breach of a franchise agreement, breach of a non-disclosure agreement, violations of the Defend Trade Secrets Act, violations of the Lanham Act, violations of the South Carolina Trade Secrets Act, violation of

the South Carolina Unfair Trade Practices Act, and tortious interference with contract, among others. *Id.*

Plaintiff is a limited liability company organized and operating in the State of South Carolina, with its principal place of business located in Greenville, South Carolina. *Id*. at 1. Plaintiff grants franchises to qualified persons for the operation of an ARCpoint franchised business, which employs the ARCpoint branded proprietary system for operating a full-service laboratory business offering testing, screening, and related services both on and off-site, including drug, alcohol and DNA testing and background screens. *Id*. at 3. ARCpoint franchisees may also provide clinical testing, corporate wellness services, regulatory compliance services, telehealth services and other related services. *Id*. ARCpoint franchisees are licensed to use ARCpoint trademarks, service marks, logos, designs and materials in the conduct of the business. *Id*.

Defendant Blue Eyed Bull Investment Company ("BEBIC") is a corporate entity organized and existing pursuant to the laws of the State of Kansas, and is authorized to do business in the state of Missouri. *Id*. at 1. Plaintiff alleges that Defendants Timothy Rebori ("Mr. Rebori") and Marilyn Rebori ("Mrs. Rebori") are residents of Kansas. *Id*. Mr. and Mrs. Rebori are the owners, shareholders and/or sole members of BEBIC. *Id*.

On or about December 27, 2010[1], Plaintiff, BEBIC and Mr. Rebori entered into a franchise agreement regarding BEBIC's operation of an ARCpoint franchised business. *Id*. at 5. In addition to the franchise agreement, BEBIC and Mr. Rebori executed a Nondisclosure and Non-Competition agreement on the same date. *Id*. at 6. Finally, Mr. Rebori executed an Unlimited Guaranty and Assumption of Obligations as part of the agreement between Plaintiff

---

[1] The date of execution of the Franchise Agreement is unclear. The Amended Complaint first states that the parties executed the Agreement on December 27, 2010. (ECF No. 35 at 5.) Then, in the same paragraph, Plaintiff alleges the parties executed the Agreement on December 10, 2010. *Id*.

and BEBIC. *Id.* From the date of execution of the franchise agreement, BEBIC operated the ARCpoint franchised businesses. *Id.* at 8. Defendants operated the business in a territory encompassing areas in and around Kansas City, Kansas and Kansas City, Missouri. *Id.*

In November or December of 2017, Defendants failed to make certain payments of royalties, technology and advertising fund fees to Plaintiff as required by the franchise agreement. *Id.* at 9. In a letter dated January 15, 2018, Defendants stated that they wished to end their franchise relationship with Plaintiff. *Id.* at 13. This litigation ensued.

## **DISCUSSION**

Defendants move for an order (1) dismissing Plaintiff's Complaint in total as to Marilyn Rebori for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; (2) for an order dismissing Plaintiff's Complaint in total as to all Defendants for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) or, in the alternative, transferring the case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a); and (3) for an order dismissing Plaintiff's Third, Sixth, Eighth and Ninth causes of action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will address each ground for the motion in turn.

## **I. Motion to Dismiss for Lack of Personal Jurisdiction as to Marilyn Rebori**

Defendants move the Court for an order dismissing Ms. Marilyn Rebori from this action in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure. In its response to Defendants' Motion to Dismiss, Plaintiff acknowledged that this Court lacks personal jurisdiction over Ms. Rebori. (ECF No. 42 at 2, n. 1.) Furthermore, Plaintiff stated that "it consents to the dismissal of Ms. Rebori from this action as well as the dismissal of its Ninth

3

Claim." *Id*. Therefore, upon consent of the parties, Defendants' Motion to Dismiss as to Ms. Marilyn Rebori is hereby granted.

## II. Motion to Dismiss for Improper Venue

Defendants move to dismiss the Complaint in its entirety due to improper venue under Rule 12(b)(3) of the Federal Rules for Civil Procedure and 28 U.S.C. § 1406(a). For the reasons set forth below, the Motion to Dismiss for Improper Venue is denied.

### A. Legal Standard

On a motion to dismiss under Rule 12(b)(3), the Court is permitted to consider evidence outside of the pleadings. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012). A plaintiff need only make a prima facie showing of proper venue in order to defeat a motion to dismiss. *Id*. at 366. In determining whether the plaintiff has made a prima facie venue showing, the Court views the facts in the light most favorable to the plaintiff. *Id*.

Section 1406(a) provides that where a litigant files a case laying venue in the wrong division or district, the Court shall dismiss the case or, in the interests of justice, transfer the case to any district or division where venue is proper. The question of whether venue is "wrong" or improper is governed by 28 U.S.C. § 1391. Section 1391(b) sets forth three options for proper venue. First, venue is proper in a judicial district where any defendant resides, provided all defendants are residents of the State where the district is located. § 1391(b)(1). Second, venue is proper in a judicial district where a substantial part of the events or omissions that gave rise to the claim occurred, or where a substantial part of the property that is the subject of the action is located. § 1391(b)(2). Third, venue is proper in any judicial district where a defendant is subject to the court's personal jurisdiction with regards to the action, but only if there is no district in which the action may otherwise be brought as provided in § 1391(b)(1) and (2). § 1391(b)(3).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). If it does not, then the case must be dismissed or transferred under § 1406(a). *Id*.

**B. Analysis**

Plaintiff alleges that venue is proper under § 1391(b)(2) or § 1391(b)(3). (ECF No. 35 at 2.) The Court will first address Plaintiff's assertion that venue is proper under § 1391(b)(2). As stated above, venue is proper in a judicial district where a substantial part of the events or omissions that gave rise to the claim occurred, or where a substantial part of the property that is the subject of the action is located. § 1391(b)(2). Thus, it is possible for venue to be proper in more than one judicial district. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether events or omissions are sufficiently substantial to support venue under the applicable statute, the Court "should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Id*. Instead, the Court should review the entire sequence of events underlying the claim. *Id*.

According to Plaintiff, a substantial part of the events or omissions giving rise to the claim occurred in this District. (ECF No. 35 at 2.) Plaintiff alleges that Defendants entered into a Franchise Agreement and a Nondisclosure and Non-Competition Agreement with the Plaintiff in December 2010. (ECF No. 35 at 5.) In addition, Mr. Rebori executed an Unlimited Guaranty and Assumption of Obligations with the Plaintiff. *Id*. at 6. Per the terms of the Franchise Agreement, BEBIC was required to direct payments of royalties, technology fees, and advertising fund fees to the Plaintiff, located in the District of South Carolina. *Id.* at 9. According to Plaintiff, Defendants breached this obligation by failing to make the required

monthly payments in November and December 2017. Plaintiff further alleges that Defendants breached the Franchise Agreement because they underreported gross sales and underpaid royalties, failed to submit a gross sales reports, and failed to make payment of required fees. *Id.* at 14-15. Furthermore, Defendants sent a letter to Plaintiff in January 2018, purporting to terminate the franchise relationship. *Id.* at 13. These actions ultimately gave rise to this litigation and led to further disputes regarding Plaintiff's trademarks and service marks.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has made a prima facie showing that venue is proper in this District in accordance with 28 U.S.C. § 1391(b)(2). In reviewing the entire sequence of events leading to this litigation, the Court finds that a substantial part of the events or omissions that gave rise to the claim occurred in the District of South Carolina including the negotiation of the Franchise Agreement, the non-payment of certain royalties and fees required to be paid to Plaintiff in the District and the Defendants' letter dated January 15, 2018, purporting to terminate the Franchise Agreement. All other claims flowed from the Defendants' termination of the Franchise Agreement and Defendants' alleged breach of provisions in the Franchise Agreement. Accordingly, the Court finds that the District of South Carolina is a proper venue for this action, and the Defendants' Motion to Dismiss for Improper Venue is denied.[2]

**III. Motion to Transfer Venue**

Alternatively, Defendants move to transfer venue from this District to the District of Kansas under 28 U.S.C. § 1404(a). As part of their motion, Defendants ask the Court not to enforce the forum selection clause agreed to by the parties in their Franchise Agreement. For the reasons set forth below, the Court denies Defendants' Motion to Transfer.

---

[2] Having found venue is proper under 28 U.S.C. § 1391(b)(2), the Court declines to address whether venue is proper under 28 U.S.C. § 1391(b)(3).

## A. Forum Selection Clause

Based on the importance of the forum selection clause to the resolution of Defendants' Motion to Transfer, the Court, as a threshold matter, must determine whether the forum selection clause in this case is valid. Defendants argue that enforcement of the forum selection clause would be unreasonable under the circumstances. (ECF No. 37-1 at 8-9.) Specifically, they claim that the Court should decline to enforce the forum selection clause because a trial in the District of South Carolina would be so gravely difficult and inconvenient that its enforcement will for all practical purposes deprive the Defendants of their day in court.

The Fourth Circuit recently outlined the analysis for evaluating a forum selection clause in the context of venue as follows:

> As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650–51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere. *Id.* A permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause. *See, e.g.*, *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).
>
> In *Atlantic Marine*, the Supreme Court held that a defendant seeking to enforce a forum selection clause that points to a foreign forum should move to dismiss pursuant to the common-law doctrine of *forum non conveniens*. *See* 134 S.Ct. at 580.[] This doctrine allows a court to dismiss a case when the original venue is highly inconvenient and an adequate alternative venue exists. In the typical case, the defendant invoking *forum non conveniens* "bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). In particular, the defendant must prove that an alternative forum is available, adequate, and more convenient (in light of the public and private interests involved) than the forum selected by the plaintiff. *See DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 800–01 (4th Cir. 2013).

But that framework is modified, the *Atlantic Marine* Court explained, in the context of a valid forum selection clause. Most importantly, a forum selection clause reverses the presumptions that would otherwise apply: instead of heavily favoring the plaintiff's chosen forum and placing the burden on the defendant, the forum selection clause is "given controlling weight in all but the most exceptional cases," and the plaintiff bears the burden of proving why it should not be enforced. *See* 134 S.Ct. at 581, 583 & n.8 (internal quotation marks and citation omitted).[] *Atlantic Marine* thus "reaffirms *Bremen*'s identification of a strong federal public policy supporting the enforcement of forum selection clauses," even in the context of *forum non conveniens* analysis. *See Martinez*, 740 F.3d at 219.

Although the *Atlantic Marine* Court did not expressly hold that only a mandatory forum selection clause modifies the *forum non conveniens* framework, the Court's rationale makes clear that this is so. *See* 134 S.Ct. at 581–82 (suggesting the modified framework applies "when a plaintiff agrees by contract to bring suit *only* in a specified forum" (emphasis added)); *id.* at 583 n.8 (modified framework applies "when the plaintiff has violated a contractual obligation by filing suit in" another forum). Our sister circuits appear to have reached the same conclusion. *See Weber*, 811 F.3d at 768, 775–76 (under *Atlantic Marine*, a "mandatory" forum selection clause modifies the *forum non conveniens* framework that would otherwise apply); *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029–30 (11th Cir. 2014) (suggesting *Atlantic Marine* does not apply in the context of permissive clauses); *cf. Claudio–De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (noting in a post–*Atlantic Marine* decision that "the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory" (internal quotation marks and citation omitted)); *Martinez*, 740 F.3d at 216–17, 227 (discussing *Atlantic Marine* and concluding that only "mandatory" clauses are presumably enforceable). This conclusion also accords with the longstanding notion that only mandatory forum selection clauses enjoy a presumption of enforceability. *See Albemarle Corp.*, 628 F.3d at 650–51. Accordingly, determination of whether the forum selection clause here is permissive or mandatory is critical. If it is mandatory, then *Atlantic Marine* controls and BAE bears the burden of proving why it should not be enforced. If it is permissive, then the traditional *forum non conveniens* analysis applies and Korea bears a "heavy burden" in opposing BAE's alternative forum.

A forum selection clause is permissive unless it contains "specific language of exclusion." *See Albemarle Corp.*, 628 F.3d at 651 (quoting *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007)) (internal quotation marks omitted). "[A]n agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction" in another unless the clause expressly sets forth "specific language of exclusion." *IntraComm*, 492 F.3d at 290 (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)) (internal quotation marks omitted).

*BAE Systems Technology Solution & Services, Inc. v. Republic of Korea's Defense Acquisition Program Administration*, 884 F.3d 463, 470-72 (4th Cir. 2018).

The Franchise Agreement in this case is a contract "by and between ARCpoint Franchise Group, LLC . . . and Blue Eyed Bull Investment Corporation . . . ." (ECF No. 37-2 at 8.) The Franchise Agreement contains the following forum selection clause:

> Any action brought by either party, except those claims required to be submitted to arbitration shall be brought in the appropriate state or federal court located in or serving Greenville County, South Carolina. The parties waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision. The parties hereby submit service of process by registered mail, return receipt requested, or by any other manner provided by law. Claims for injunctive relief may be brought by Franchisor where Franchisee is located. This exclusive choice of jurisdiction and venue provision shall not restrict the ability of the parties to confirm or enforce judgements or arbitration awards in any appropriate jurisdiction.

(ECF No. 37-2 at 48). Importantly, the forum selection clause, by its own terms states that it provides "the exclusive choice of jurisdiction and venue provision" and that all claims, except those covered by arbitration, "shall be brought in the appropriate state or federal court located in or serving Greenville County, South Carolina." *Id*. Based on its language and the standard set forth by the Fourth Circuit, the Court finds that the forum selection clause contained in the Franchise Agreement is a mandatory forum selection clause. *Id*. Therefore, the forum selection clause is presumed to be enforceable.

Furthermore, the Court finds that the forum selection clause is in fact enforceable in this case because its application would not be unreasonable under the circumstances. Although Defendants argue that they will be inconvenienced by having to transport witness to this District and pay for their travel, the Court finds that these issues are not so gravely difficult and inconvenient that Defendants will for all practical purposes be deprived of their day in court.

9

Defendants have failed to overcome the presumption of enforceability. Therefore, the Court finds the forum selection clause in this case is valid, mandatory and enforceable.

### B. Legal Standard

Having determined that the forum selection clause in this case is valid, mandatory and enforceable the Court next turns to whether the case should be transferred to the District of Kansas under § 1404(a). "[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum being improper, and it permits transfer to any district where venue would also be proper or to any district to which the parties have agreed by contract. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). In the Fourth Circuit, courts consider four factors when considering whether to transfer venue: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.,* 791 F.3d 436, 444 (4th Cir. 2015). However, "[w]hen the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 571 U.S. at 62.

In a typical case not involving a forum selection clause, a district court considering a motion to transfer under § 1404(a) must evaluate both the convenience of the parties and witness and other public interest considerations. *Id.* Ordinarily, the district court would weigh the relevant factors and determine whether the transfer serves the convenience of the parties and otherwise promotes the interests of justice. *Id.* at 62-63. The calculus changes, however, when

the contract between the parties contains a valid forum selection clause. *Id.* at 63. "The enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers the vital interests of the justice system." *Id.* (internal citations omitted). For that reason, a valid forum selection clause should be given controlling weight in all but the most exceptional case. *Id.*

The presence of a valid forum selection clause requires district courts to adjust their usual § 1404(a) analysis. *Id.* First, the choice of forum in a district not specified in the forum selection clause merits no weight. *Id.* Rather, the party defying the forum selection clause bears the burden of establishing why the case should not proceed in the forum for which the parties bargained. *Id.* Second, the court should not consider arguments about the parties' private interests. *Id.* at 64. "When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or the pursuit of their litigation." *Id.* Third, when a party bound by a forum selection clause ignores its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules. *Id.* Ultimately, however, whether a case should be transferred under § 1404(a) rests within the sound discretion of the court. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

### C. Analysis

The first factor to consider is the weight accorded to the plaintiff's choice of venue. In *Atlantic Marine*, the Supreme Court indicated that plaintiff's choice of venue merits no weight where the plaintiff files in a forum different than the forum specified in the forum selection clause. 571 U.S. at 63. Here, Plaintiff filed suit in federal court in the District of South Carolina

in accordance with the forum selection clause agreed upon by the parties. Therefore, this factor weighs against transfer.

The next factors to consider are the convenience to the witnesses and the convenience to the parties. Defendants assert that the convenience of the witnesses and the parties cuts in favor of transferring the case. (ECF No. 37-1.) Defendants point to the affidavit of Brian Heattwole (ECF No. 9-1) regarding the location of the operation of Defendants' business and the witnesses of Defendants. Defendants also argue that many of the non-party witnesses will likely reside in Kansas or Missouri. (ECF No. 37-1.) With respect to the parties, "[n]o matter which forum is selected, one side or the other will be burdened with bringing themselves and their witnesses from far away." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991). Moreover, "[w]hen parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or the pursuit of their litigation." *Atl. Marine*, 571 U.S. at 64. Transferring this matter to the District of Kansas will only shift the burden of inconvenience from Defendants to Plaintiff. With respect to non-party witnesses, this issue may cut in favor of transfer but can be mitigated with depositions for which there is nationwide service of process. Based on the Supreme Court's guidance in *Atlantic Marine* and in light of the forum selection clause in this case, the Court finds these factors weigh against transfer.

The final factor is the interests of justice. The Court finds insufficient evidence in the record that proceeding with the case in this District would offend the interests of justice. At best, this issue is neutral.

Section 1404(a) is intended to place discretion in the district court to adjudicate motions seeking transfer according to an individualized, case-by-case consideration of convenience and

fairness. In this case, the Court has evaluated all the evidence presented and arguments made by the parties. The Court finds that Defendants have not made the requisite showing that the balance of convenience in the interests of justice favors the transfer of this matter to the District of Kansas. Rather, it appears that transfer would merely shift the burden from one party to the other. Such a shift is an improper basis for transfer pursuant to § 1404(a). For these reasons, Defendants' Motion to Transfer Venue is denied.

**IV. Motion to Dismiss Plaintiff's Third, Sixth, Eighth and Ninth Causes of Action**

Defendants move to dismiss Plaintiff's Third cause of action (Breach of Nondisclosure Agreement), Sixth cause of action (South Carolina Trade Secrets Act), Eighth cause of action (South Carolina Unfair Trade Practices Act), and Ninth cause of action (Tortious Interference with Contract, Aiding or Abetting and/or Civil Conspiracy against Marilyn Rebori) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Defendants' motion is granted in part and denied in part.

### A. Legal Standard

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts

in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### B. Analysis

Having carefully reviewed the Plaintiff's Complaint, the Court finds that the Complaint, if accepted as true, contains facial plausibility in that it pleads factual content that allows the Court to draw the reasonable inference that Defendants could be liable for the misconduct alleged in the Third, Sixth and Eighth causes of action. It appears that, if the allegations are accepted as true and all reasonable inferences are drawn in favor of Plaintiff, Plaintiff can prove facts which would lead to Plaintiff obtaining relief. Therefore, Defendants' Motion to Dismiss Plaintiff's Third, Sixth and Eighth causes of action is denied.

With regards to the Ninth cause of action, the Defendants' Motion to Dismiss is granted. In its response to Defendants' Motion to Dismiss, Plaintiff acknowledged that this Court lacks personal jurisdiction over Ms. Rebori. (ECF No. 42 at 2, n. 1.) Furthermore, Plaintiff stated that "it consents to the dismissal of Ms. Rebori from this action as well as the dismissal of its Ninth Claim." *Id*. Therefore, upon consent of the parties, Defendants' Motion to Dismiss as to the Plaintiff's Ninth cause of action is hereby granted.

### **CONCLUSION**

For the forgoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss for Lack of Personal Jurisdiction as to Marilyn Rebori. The Court DENIES Defendants' Motion to

Dismiss for Improper Venue, or, in the alternative, to Transfer Venue to the District of Kansas. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, all of Plaintiff's claims against Defendant Marilyn Rebori are DISMISSED WITH PREJUDICE, and Plaintiff's Ninth Cause of Action is DISMISSED WITH PREJUDICE.

    **IT IS SO ORDERED.**

                                          /s/ A. Marvin Quattlebaum, Jr.
                                          The Honorable A. Marvin Quattlebaum, Jr.
                                          United States District Judge

June 13, 2018
Greenville, South Carolina